**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MID-CONTINENT CASUALTY
COMPANY,

        Plaintiff,

vs.
        Case No. 3:18-cv-497-J-34PDB

OZARK ATLANTIC, LLC, et. al,

        Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On April 16, 2018, Plaintiff Mid-Continent Casualty Company (MCC) initiated the instant action by filing a four-count Complaint for Declaratory Relief (Doc. 1; Complaint). In the Complaint, MCC asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because "[t]here is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000 . . . ." See id. ¶ 6. Specifically, MCC alleges that it is "a foreign corporation, incorporated under the laws of the state of Ohio, domiciled and with its principal place of business in Tulsa, Oklahoma." See id. ¶ 2. MCC next maintains that Defendant Ozark Atlantic, LLC (Ozark) is a "dissolved limited liability company," whose "members/managers have familial ties and hail from the state of Missouri . . . ." Id. ¶ 3. MCC identifies these "members/managers" as Bob Dailey, Lynn Dailey and Sandy Dailey, who are "citizens domiciled in Laclede County, Missouri," as well as John Daily, who is "a citizen domiciled in Debary, Volusia County, Florida . . . ." Id. ¶ 3. In addition, MCC alleges that Defendant Vestcor Construction Services, Inc. (Vestcor) is "an active company

incorporated under the laws of the state of Florida, domiciled in and with its principal place of business in Jacksonville, Duval County, Florida . . . ." Id. ¶ 4. Last, MCC alleges that Defendant Summerhill Partners, LLC is a limited liability company whose "manager" is a citizen of Florida. Id. ¶ 5. Upon review, the Court is unable to determine whether it has diversity jurisdiction over this action because MCC has failed to allege sufficient information to establish the citizenship of the limited liability company defendants, Ozark and Summerhill.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Diversity jurisdiction requires complete diversity or that "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"). The Eleventh Circuit has recognized that, for purposes

of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members. See id.

Here, as to Summerhill, MCC provides the identity and citizenship of Summerhill's "manager," but does not include any information as to Summerhill's members. See Complaint ¶ 5. As stated above, absent information about Summerhill's members, the Court is unable to determine its states of citizenship. Similarly, MCC identifies the "members/managers" of Ozark such that it is unclear to the Court whether other non-managing members exist. To establish diversity jurisdiction, the Court needs information regarding the citizenship of all the members of a limited liability company, not just the managing members. See Rolling Greens MHP, L.P., 374 F.3d at 1022 (emphasis added). It may be that the "members/managers" listed in the Complaint are the only ones that exist. However, because of the manner in which these members are identified, the Court cannot determine whether MCC has listed all of Ozark's members, or just the managing members. Accordingly, the Court finds MCC's allegations as to the citizenship of Ozark and Summerhill to be insufficient to allow the Court to satisfy its obligation to assure complete diversity exists before exercising jurisdiction over this action.[1]

---

[1] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-16 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, at 1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC,

In light of the foregoing, it is

**ORDERED**:

Plaintiff shall have until **May 4, 2018**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of April, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

4